******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

PALMER, J., concurring. I fully agree with the majority opinion. I write separately only to note my belief that, for the reasons previously expressed in *State* v. *Diaz*, 302 Conn. 93, 115, 25 A.3d 594 (2011) (*Palmer, J.*, concurring), a special credibility instruction should be given whenever a government informer seeks a benefit from the state in return for his or her testimony. See id., 121–22 (*Palmer, J.*, concurring) ("Because informers seeking a benefit from the state have a strong motive to falsely inculpate the accused . . . I agree with those courts that require a special credibility instruction whenever a government informer hopes or expects to receive a benefit from the prosecution. As the Second Circuit Court of Appeals has stated, 'a defendant who makes [a request for a special credibility instruction] is entitled to a charge that identifies the circumstances that may make one or another of the government's witnesses particularly vulnerable to the prosecution's power and influence . . . and that specifies the ways (by catalog or example) that a person so situated might be particularly advantaged by promoting the prosecution's case.' *United States* v. *Prawl*, 168 F.3d 622, 628 (2d Cir. 1999). In other words, the defendant is entitled to a charge that 'invite[s] focus on individual predicaments of the witnesses' and contains 'mention [of] the incentives that follow from certain transactions with the government.' Id., 628–29 . . . ." (Citations omitted; footnote omitted.)). The defendant in the present case, Billy Ray Jones, however, has made no such claim, and, consequently, the majority has no reason to address it. Because, in my view, the majority correctly analyzes and resolves the claim that the defendant has raised, I join the majority opinion.